UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,           CRIMINAL NO. 17-181 (JRT/DTS)

    Plaintiff,

v.                                  REPORT AND RECOMMENDATION

DELEON COLTAY WALKER,

    Defendant.

---

Surya Saxena, Assistant U.S. Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, for Plaintiff

John C. Brink, The Law Office of John C. Brink, 310 Fourth Avenue South, Suite 1008, Minneapolis, Minnesota, for Defendant

---

## BACKGROUND

Around 8:20 a.m. on June 13, 2017, while patrolling in Minneapolis, Minnesota, Officer Adam Thorsten was alerted to a nearby armed robbery in progress inside The Howe Daily Kitchen & Bar ("The Howe"). 9/15/2017 Hearing ("Hearing"), 9:16:51-57, 9:17:22-26, 9:19:06-23. The message alerted that an employee was being held at gunpoint by a man demanding access to the safe. Hearing, 9:19:06-20:17, 9:26:21-32. The alert did not include a physical description of the suspect. *Id.* Officer Thorsten drove to The Howe. *Id.*

Simultaneously, Officer Jeffrey Werner was alerted to The Howe robbery and drove to the restaurant. Hearing, 9:53:06-22, 9:55:04-29. Officer Werner, who works for both the Minneapolis Police Department and the Bureau of Alcohol, Tobacco,

Firearms and Explosives ("ATF"), was not in uniform and was driving an unmarked ATF truck. *Id.*

Officer Thorsten and his partner arrived at The Howe within three minutes and, in full uniform, approached the restaurant on foot. Hearing, 9:21:02-11; Ex. 1 at 13:13:32-13:16:04.[1] Within a minute of arriving, Officer Thorsten watched a man, whom the Government alleges is Defendant Deleon Coltay Walker ("Walker"), emerge from The Howe.[2] Hearing, 9:34:48-9:35:32, 9:36:11-15; Ex. 1 at 13:16:39. Officer Thorsten ordered Walker to put his hands up and get on the ground.[3] Ex. 1 at 13:36:39-43. Instead, Walker sprinted away from Officer Thorsten and his partner, and they ran after him. Ex. 1 at 13:36:38-46.

Officer Werner, who also watched Walker emerge from The Howe, attempted to intersect him with his truck. Hearing, 9:58:52-9:59:47. Walker ran directly in front of

---

[1] The entirety of Officer Thorsten's interaction with Walker was captured on Officer Thorsten's body camera. [Exhibit 1]. The camera's timestamp indicates the incident took place five hours later than Officer Thorsten testified. When asked about the discrepancy in court, Officer Thorsten surmised the clock was set to Greenwich Mean Time, which is consistent with Central Time being five hours behind Greenwich. Hearing, 9:51:02-50.

[2] At the pretrial hearing, Officer Thorsten was unable to identify Walker as the man from The Howe because a red cloth obscured the man's face during their interaction, and Officer Werner was never asked to identify Walker. Hearing, 9:44:30-56. However, Officer Thorsten testified that a fellow officer accompanied Walker from the time of his arrest to his booking at the Hennepin County Jail. *Id.* Officer Werner confirmed that the "individual" he helped apprehend was arrested and charged. Hearing, 10:05:04-36. Walker has been continuously detained at Hennepin County Jail since his arrest on June 13, 2017. [Docket No. 13 at 1].

[3] While the Government wrote in its brief that Officer Thorsten and his partner identified themselves as police officers and yelled at Walker to stop, the audio from Officer Thorsten's body camera reveals that he and his partner never identified themselves as police officers and only told Walker to "put [his] hands up" and "get on the ground." [Docket No. 39 at 3]; Ex. 1 at 13:36:39-43.

2

Officer Werner, and despite his testimony that he attempted to brake, Officer Werner's truck struck Walker and knocked him to the ground.[4] *Id.*; Ex. 1 at 13:36:40-47.

Multiple officers quickly surrounded Walker. Ex. 1 at 13:36:52-13:17:03. Officer Thorsten attempted to handcuff him but Walker thrashed his arms and torso in resistance, and even clasped onto Officer Thorsten's arm. Hearing, 9:41:07-9:42:20; Ex. 1 at 13:17:09-13:18:09. Officer Thorsten told Walker he was being arrested for robbery and to stop resisting. Ex. 1 at 13:37:12-32. Despite being tased multiple times, Walker continued to resist handcuffing. *Id.* During the struggle, Officer Werner saw a handgun protruding from Walker's back pocket, which Officer Werner removed.[5] Ex. 2 at 13:17:13-15.

After a minute of physical resistance, Walker was finally handcuffed. Hearing, 9:43:04-27; Ex. 1 at 13:17:09-13:18:09. He continued to struggle with the officers and falsely told them he worked at The Howe. Ex. 1, 13:18:09-16. After being ordered by the officers to stop resisting, Walker paradoxically argued he was not resisting but was "trying to get away." Ex. 1 at 13:18:18-25. Walker was eventually subdued and placed in an ambulance. Ex. 1 at 13:26:31-13:29:07.

On July 26, 2017, Walker was indicted on one count of Felon in Possession of Firearm – Armed Career Criminal, one count of Interference with Commerce by Robbery, and one count of Brandishing and Carrying a Firearm During and in Relation to a Crime of Violence. [Docket No. 1]. Walker moves to suppress all evidence from

---

[4] Officer Thorsten's body camera footage is inconclusive as to whether Officer Werner braked prior to striking Walker.

[5] The body camera footage of an unnamed responding officer captured Walker's arrest beginning approximately ten seconds after Walker was struck by Officer Werner's truck. [Exhibit 2].

3

his present arrest and from some of his prior arrests, and to have Count 1 of the Indictment dismissed.  [Docket Nos. 22, 24-27].

## ANALYSIS

I. **Motion to Suppress Electronic Surveillance Evidence [Docket No. 22]**

Walker moves to suppress all electronic surveillance evidence from his present arrest.  [Docket No. 22].  The Government has stipulated that it did not conduct electronic surveillance.  [Docket No. 39 at 1].  Accordingly, it is recommended that Walker's Motion to Suppress Electronic Surveillance [Docket No. 22] be denied as moot.

II. **Motion to Suppress Search and Seizure Evidence [Docket No. 24]**

A. **Motion to Suppress Evidence from Prior Arrests**

Walker argues that evidence and statements from a 2005 and a 2013 arrest were unconstitutionally obtained and should be suppressed.  [Docket No. 22 at 1-2].  The evidence which Walker seeks to suppress was never contemporaneously held to be unconstitutional.  *Id.*

Aside from his unsourced assertions in his brief, Walker provides no evidence to support his arguments that his prior arrests and interviews were unconstitutional.  Thus, the Court cannot evaluate his claims even if it were proper for the Court to do so.  This Court is unaware of any precedent that it has authority to suppress evidence from prior criminal cases; nor does Walker cite any.  Should Walker object at trial to the admission of evidence from his prior arrests and convictions, the trial court will determine its admissibility at that time.  *United States v. Halk*, 634 F.3d 482, 486–87 (8th Cir. 2011).

### B. Reasonable Suspicion to Stop Walker

Walker argues the officers lacked reasonable suspicion to stop him. Police officers may initiate a stop when they have a reasonable suspicion based on articulable facts and rational inferences that the person has committed, or is about to commit, a crime. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). Courts analyze the propriety of the *Terry* stop in light of the totality of the circumstances involved. *United States v. Hughes*, 517 F.3d 1013, 1016 (8th Cir. 2008).

The officers indisputably had reasonable suspicion to stop Walker. They watched him emerge from a closed restaurant in the midst of an armed robbery. Walker wore a red cloth that obscured his face, despite it being a warm summer day.[6] While they lacked a description of the suspect, the totality of circumstances supported the officers' inference that Walker's emergence from the scene of an ongoing crime suggested he was involved. Hearing, 9:37:08-47. The officers' suspicion increased when Walker refused their orders and fled. *See United States v. Horton*, 611 F.3d 936, 940 (8th Cir. 2010)("flight at the sight of an officer can contribute to reasonable, articulable suspicion."). Therefore, evidence from Walker's arrest may not be suppressed on the grounds that officers lacked reasonable suspicion to stop him.

### C. Probable Cause to Arrest Walker

Walker argues the officers lacked probable cause to arrest him. A law enforcement officer has probable cause to make a warrantless arrest when the totality of the circumstances at the time of the arrest would lead a reasonable person to believe

---

[6] Per National Weather Service Data, the high temperature the day of the incident was 91 degrees Fahrenheit, with a low of 66 degrees and an average temperature of 79. *See* https://www.weather.gov/media/mpx/Climate/MSP/jun2017.pdf.

the defendant has committed a crime. *Borgman v. Kedley*, 646 F.3d 518, 523 (8th Cir. 2011) (quoting *Fisher v. Wal-Mart Stores, Inc., et al.,* 619 F.3d 811, 816 (8th Cir. 2010). A "defendant's response to even an invalid arrest or *Terry* stop may constitute independent grounds for arrest." *United States v. Dawdy*, 46 F.3d 1427, 1431 (8th Cir. 1995).

The officers clearly had probable cause to arrest Walker. The moment Walker refused to obey a lawful police order and ran, he committed a crime. *See* Minn. Stat. § 609.487, subd. 6; *United States v. Gant*, No. CRIM. 12-61 ADM/TNL, 2012 WL 2060637, at *4 (D. Minn. June 7, 2012)("[w]here a defendant" violates Minn. Stat. § 609.487, subd. 6 and "refuses to obey officer commands and flees, a police officer has probable cause to arrest the defendant for resisting arrest."). Walker resisted arrest by fleeing Officer Thorsten and continued to resist arrest when violently refusing to be handcuffed. Moreover, when the officers apprehended Walker, they retrieved a gun from his pants, likewise establishing probable cause to arrest him. The Court need not address whether officers had sufficient probable cause to arrest Walker for the robbery as he emerged from The Howe because Walker's resistance and disobedience alone sufficiently established Walker had committed an offense. Therefore, because evidence from Walker's arrest may not be suppressed on the grounds that the officers' lacked probable cause to arrest him, nor on grounds that they lacked reasonable suspicion, it is recommended that Walker's Motion to Suppress Search and Seizure Evidence [Docket No. 24] be denied.

6

### III. Motion to Suppress Statements [Docket No. 25]

Walker moves to suppress statements from his prior arrests and present arrest. [Docket No. 25]. The Government has stipulated that it is not offering any statements from Walker's prior arrests or his present arrest. [Docket No. 39 at 7]. Accordingly, it is recommended that Walker's Motion to Suppress Statements [Docket No. 25] be denied as moot.

### IV. Motion to Suppress Identification Evidence [Docket No. 26]

Walker moves to suppress evidence from three of his previous arrests, all of which occurred over ten years ago. As previously articulated, the Court lacks sufficient basis to evaluate Walker's claims and lacks the authority to suppress the evidence. Accordingly, it is recommended that Walker's Motion to Suppress Identification Evidence [Docket No. 26] be denied.

### V. Motion to Dismiss [Docket No. 27]

Walker moves to dismiss Count 1 of the indictment (Felon in Possession of Firearm – Armed Career Criminal) for failure to state an offense. [Docket No. 27]. Walker argues that his past and present charges are not crimes of violence and thus are not subject to the Armed Career Criminal Act. The proper time to challenge an Armed Career Criminal Act designation is at sentencing. *See United States v. Burden,* No. 1:16-CR-097, 2017 WL 606770, at *2-3 (S.D. Ohio Feb. 15, 2017). Therefore, it is recommended that Walker's Motion to Dismiss [Docket No. 27] be denied.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT:

1. Defendant Walker's Motion to Suppress Electronic Surveillance Evidence [Docket No. 22] be DENIED AS MOOT;

2. Defendant Walker's Motion to Suppress Search and Seizure Evidence [Docket No. 24] be DENIED;

3. Defendant Walker's Motion to Suppress Statements [Docket No. 25] be DENIED AS MOOT;

4. Defendant Walker's Motion to Suppress Identification Evidence [Docket No. 26] be DENIED; and

5. Defendant Walker's Motion to Dismiss [Docket No. 27] be DENIED.

Dated:     October 25, 2017

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).