**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>v.<br><br>DELEON COLTAY WALKER,<br><br>                        Defendant. | Criminal No. 17-181 (JRT/DTS)<br><br>**MEMORANDUM OPINION AND ORDER** |

Gregory Brooker, Acting United States Attorney, and Surya Saxena, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN  55415, for plaintiff.

John C. Brink, 310 Fourth Avenue South, Suite 1008, Minneapolis, MN 55415, for defendant.

Deleon Coltay Walker has been indicted for being a Felon in Possession of a Firearm and Armed Career Criminal (Count 1) and for Interference with Commerce by Robbery (Count 2).  Walker filed a series of pretrial motions, and the Magistrate Judge issued a Report and Recommendation ("R&R") that the motions be denied.  (R&R, Oct. 25, 2017, Docket No. 41.)  Walker objected to portions of the R&R.  (Objs., Nov. 8, 2017, Docket No. 42.)  The United States contests some of Walker's objections but stipulated that it would not offer Rule 404(b) evidence related to prior bad acts at trial.  (Resp. to Objs. at 2-3, Nov. 21, 2017, Docket No. 45.)  As such, a portion of the R&R is now moot.  Because the Court does not otherwise find error in the R&R, it will overrule Walker's

objections and adopt the R&R to the extent that it is consistent with this Opinion and Order.

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

### II. MOTIONS TO SUPRESS

Walker has filed four motions to suppress. (*See* Mot. to Suppress Elec. Surveillance Evid. ("No. 22"), Aug. 21, 2017, Docket No. 22; Mot. to Suppress Search & Seizure Evid. ("No. 24"), Aug. 21, 2017, Docket No. 24; Mot. to Suppress Interrogation Evid. ("No. 25"), Aug. 21, 2017, Docket No. 25; Mot. to Suppress Ident. Evid. ("No.

26"), Aug. 21, 2017, Docket No. 26.)  The Magistrate Judge recommended denying two of them (Nos. 22 & 25) as moot because the United States stipulated that it will not offer the contested evidence.  (R&R at 4, 7.)  Walker does not object to those recommendations, and the Court will adopt them.

However, Walker does object to the Magistrate Judge's recommendation that the other two motions (Nos. 24 & 26) be denied.  Those two motions relate in relevant part to Walker's prior arrests.  In each, Walker argues that any illegally-obtained evidence must be suppressed.  The search and seizure motion is for evidence related to a January 5, 2013, arrest.  (No. 24 at 1-2).  The identification motion is for evidence related to arrests on June 20 and July 6, 2005, and April 1, 2007.  (No. 26 at 1-3.)  The United States noted that the evidence at issue was to be used at trial only under Rule 404(b) and at sentencing.  (Resp. to Mots. at 7, 10, Sept. 5, 2017, Docket No. 31.)  The Magistrate Judge recommended denying the motions on the grounds that Walker showed neither that the evidence at issue was unconstitutional nor legal authority that the exclusionary rule bars Rule 404(b) evidence.  (R&R at 4-7.)

Walker objects to both of those grounds.  (Objs. at 1-2.)  First, Walker argues that the Magistrate Judge improperly shifted the burden of proof on the issue of constitutionality to the Defendant, citing extensive authority showing that it is the Government's burden to prove by a preponderance of the evidence that contested evidence was obtained constitutionally.  (*Id.* at 7 & n.1.)  Second, Walker argues that illegally-obtained evidence should not be introduced under Rule 404(b), at least to the extent that it would be used to prove the crime charged.  (*Id.* at 9-10.)  Walker quotes

-3-

from *United States v. Hill*, a Tenth Circuit case: "the exclusionary rule does apply where, as here, the alleged unlawfully obtained evidence is being used to prove an essential element of a charged offense—at least where there is some nexus between the initial search and seizure and the subsequent charged offense." 60 F.3d 672, 677-81 (10th Cir. 1995).

The United States filed a response acknowledging that at least four circuits have concluded that the exclusionary rule does bar certain illegally-obtained Rule 404(b) evidence.[1] (Resp. to Objs. at 2-3.) Because the Eighth Circuit has not decided the matter, the United States has elected to stipulate that it will not seek to offer evidence of or about the contested acts at trial under Rule 404(b).[2] (*Id.* at 3.) As such, the Court will deny as moot Walker's motions as they relate to his prior arrests.[3]

### III. MOTION TO DISMISS

---

[1] The United States cites *United States v. Farmer*, 770 F.3d 1363, 1366 (10th Cir. 2014) ("The Fourth Amendment's exclusionary rule applies to preclude the Government's use of unlawfully obtained Rule 404(b) evidence 1) where the Government seeks to use that evidence 'to prove an essential element of a charged offense,' 2) 'at least where there is some nexus between the initial search and seizure and the subsequent charged offense.'" (quoting *Hill*, 60 F.3d at 677)) and *United States v. Campbell*, 609 F. Supp. 2d 674, 683-85 (E.D. Mich. 2009) (discussing decisions of the Fifth, Seventh, Ninth, and Tenth Circuit Courts of Appeals).

[2] The United States notes that "it may need to offer evidence of the Defendant's prior convictions if the Defendant does not enter into an *Old Chief* stipulation at trial." (Resp. to Objs. at 3.) In that event, the Court would entertain related motions in limine.

[3] Walker did not object to the R&R with regard to the second part of his motion on search and seizure evidence, which focused on his June 13, 2017, arrest for the instant offenses. As such, the Court will adopt that portion of the R&R and deny the motion in relevant part.

Walker has also filed a motion to dismiss the charge against him because he is not an Armed Career Criminal. (Mot. to Dismiss, Aug. 21, 2017, Docket No. 27.) The Magistrate Judge concluded that it would be premature to make that determination. (R&R at 7.) Walker objects, arguing that the alleged predicate crimes are elements of the offense charged. (Objs. at 11.) Because Walker has misread the applicable Supreme Court and Eighth Circuit precedents, the Court will overrule the objection.

Walker relies on *Alleyne v. United States*, in which the Supreme Court stated that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. 2151, 2155 (2013). But that statement was a terse reference to the Supreme Court's earlier holding in *Apprendi v. New Jersey*, which Walker quotes only in part: "**Other than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000) (emphasis added).[4] That narrow-but-crucial exception was incorporated into the holding of *Alleyne*. 133 S. Ct. at 2160 n.1 (declining to revisit this "narrow exception" recognized in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) and reaffirmed in *Apprendi*); *United States v. Hunter*, 770 F.3d 740, 745 (8th Cir. 2014) ("[A]t least in this circuit, *Almendarez-Torres* remains controlling precedent."), *cert denied*, 135 S. Ct. 2338 (2015).

---

[4] *See also id.* at 476 (quoting *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999) ("[A]ny fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.")).

Walker does not dispute that he has committed a predicate felony that would render him a felon in possession of a firearm. He disputes only whether two of the felonies he committed are qualifying crimes of violence that would render him an Armed Career Criminal. The Court need not decide that now. Even if they are not, Count 1 states an offense: Felon in Possession of a Firearm. As such, the Court will overrule the objection, adopt the R&R in this respect, and deny Walker's motion to dismiss.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Defendant's objections [Docket No. 42] and **ADOPTS** the Report and Recommendations of the Magistrate Judge [Docket No. 41] to the extent that it is consistent with this Opinion and Order.

As such, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Suppress Electronic Surveillance Evidence [Docket No. 22], Motion to Suppress Statements [Docket No. 25], and Motion to Suppress Identification Evidence [Docket No. 26] are **DENIED as moot**.

2. Defendant's Motion to Suppress Search and Seizure Evidence [Docket No. 24] is **DENIED in part as moot** and **DENIED in part** as follows:

    a. The motion is **DENIED as moot** with regard to evidence related to the January 5, 2013, arrest.

    b. The motion is **DENIED** with regard to evidence related to the June 13, 2017, arrest.

3.   Defendant's Motion to Dismiss [Docket No. 27] is **DENIED**.

DATED:  January 12, 2018        _____s/John R. Tunheim_____
at Minneapolis, Minnesota.             JOHN R. TUNHEIM
                                                         Chief Judge
                                          United States District Court